**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

24 HOUR FITNESS USA, INC., and
SPORT AND FITNESS CLUBS
OF AMERICA, INC.,

        Petitioners,

vs.                                        Case No. 3:11-cv-1212-J-37JBT

KENT SHAFER,

        Respondent.
_____

24 HOUR FITNESS USA, INC.,

        Petitioner,

vs.                                        Case No. 3:11-cv-1238-J-37JBT

PATRICK RODIFER,

        Respondent.
_____

**ORDER**

These causes are before the Court on Petitioners' Motions to Compel Arbitration. (Doc. No. 1 on both dockets.) Respondents oppose. (Doc. No. 11 in Case No. 3:11-cv-1212; Doc. No. 17 in Case No. 3:11-cv-1238.)

Petitioners seek to compel Respondents to arbitrate their Fair Labor Standard Act claims.[1] Previously, Respondents were opt-in plaintiffs in a collective action

---

[1] The Court notes that the Petitions provide no basis for this Court to exercise its jurisdiction. The Federal Arbitration Act "bestow[s] no federal jurisdiction" but rather requires "an independent jurisdictional basis" over the parties dispute. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008). However, upon review of the records in these cases, as well as the record in the *Beauperthuy* case, the Court concludes it may have jurisdiction under Title 28 U.S.C. § 1331 as the parties' dispute

pending in the U.S. District Court for the Northern District of California captioned *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-715 (N.D. Cal.).  The *Beauperthuy* court decertified the collective action and, thereafter, Respondents took steps to arbitrate their claims in California.  When they were unsuccessful, the former opt-in plaintiffs filed motions to compel arbitration against Petitioners in the Northern District of California.  Subsequently, Petitioners filed the instant motions to compel arbitration in this Court.

The arbitration clause asserted by 24 Hours against both Respondents does not select the forum in which the arbitration will proceed.[2]  Indeed, Petitioners admit that the clause "itself is silent on the location of the arbitration hearing."  In view of this concession, and in view of Respondents' first-filed motions pending in the Northern District of California, the Court concludes that Petitioners' Motions to Compel Arbitration are due to be denied.[3]

---

Respondents' claims to wages arising from the Fair Labor Standard Act.  *See Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272-73 (2009).

Furthermore, the Court notes that it is not empowered by Section 4 of the Federal Arbitration Act to compel Mr. Shafer to arbitrate any claim he may have in Broward County, Florida, which appears to be the relief sought in Case No. 3:11-cv-1212.  The Motion in that case is due to be denied for this reason alone.

[2]  The Court applies Florida law when interpreting the agreement, because the Respondents were allegedly employed in Florida and because neither Petitioners nor Respondents argue otherwise.

[3]  The Court declines to stay these cases.  Should the U.S. District Court for the Northern California decide to transfer Respondents first-filed motions to compel arbitration, then the clerk will assign them new case numbers if Petitioners pay the appropriate transfer fees.  Should that Court decline to transfer the motions, this Court will have wasted valuable judicial resources monitoring these files.  Rather than requiring the federal judiciary to maintain two cases open and pending directed at the same dispute and involving the same parties, something which does not "secure the just, speedy, and inexpensive determination" of these disputes, Fed. R. Civ. P. 1, the parties should turn to and rely upon the procedures afforded to them under the Federal

Accordingly, it is hereby **ORDERED**:

Petitioners' Motions to Compel Arbitration (Doc. No. 1 in Case No. 3:11-cv-1212; and Doc. No. 1 in Case No. 3:11-cv-1238) are **DENIED**.  The Clerk is directed to administratively close these files.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on May 16, 2012.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record

---

Rules of Civil Procedure.

3